IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREG ANTHONY | § | |
| v. | § | CIVIL ACTION NO. 6:07cv372 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Greg Anthony, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Anthony was convicted of burglary of a habitation in 1991, receiving a sentence of 25 years in prison. He was released on parole in June of 2001, but was arrested in September of 2003 on new charges of burglary of a habitation. He received a 15-year sentence on his new charge, to run concurrently with his prior sentence.

When he returned to prison in 2004, Anthony says, he received a new TDCJ number, but this was wrong. He complained about this until April or May of 2007, when he received a new time sheet showing his old TDCJ number. However, he noticed that his date of eligibility for release on mandatory supervision had been calculated based on his new sentence rather than his old one; his original mandatory release date was October of 2004, and so he says that he is being held beyond his release date.

Anthony stated that he has exhausted his administrative remedies, through the TDCJ time credit dispute resolution process, and so does not have to exhaust his state remedies. He says that the 25-year sentence is longer than the 15-year sentence and is therefore the "controlling sentence."

After review of the pleadings, the Magistrate Judge issued a Report on August 31, 2007, recommending that the petition be dismissed. The Magistrate Judge first observed that Anthony had not exhausted his state remedies because although he had pursued the administrative process of the TDCJ time credit dispute resolution process, he had not sought habeas corpus relief in state court on his claim.

Next, the Magistrate Judge stated that the statute of limitations had expired because Anthony knew or should have known that he was not released on mandatory supervision in October of 2004, and so his limitations period began to run at that time, expiring one year later. Even if the time credit dispute resolution process could toll the limitations period, the Magistrate Judge said, Anthony did not file it until April of 2006, and so the one-year limitations period had expired already. Finally, the Magistrate Judge said, Anthony's claim failed on the merits, because his argument in effect is that the 15-year sentence which he received in 2004 should have no effect upon his eligibility date for mandatory supervision, which argument has no legal merit.

Anthony filed objections to the Magistrate Judge's Report on September 25, 2007. These objections argue first that his claim is not barred by limitations because he incorrectly received a new TDCJ number in February of 2004, and that he complained about this to no avail; he says that this is why he did not file his time credit dispute until April of 2006. However, Anthony fails to show why he could not have complained earlier, using his new TDCJ number or his old one, about the fact that he was not released to mandatory supervision in October of 2004, as he believed proper. This contention is without merit.

Second, Anthony says that "unconstitutional state action" prevented him from seeking resolution earlier, but he fails to identify what this unconstitutional state action was. The fact that he received an incorrect TDCJ number does not amount to a violation of the Constitution, nor did it prevent him from seeking resolution in a timely manner. This contention is without merit.

Third, Anthony asserts that the statute of limitations does not apply to him because he was originally convicted before it was enacted. This claim is without merit.

Fourth, Anthony says that the statute of limitations does not represent a "jurisdictional bar," and that its provisions can be equitably tolled. While this is true, he has failed to show the "extraordinary circumstances" required for application of equitable tolling. This claim is without merit.

Fifth, Anthony appears to argue that the statute of limitations is three years, rather than one. This is contrary to the plain language of the statute and is without merit.

Significantly, Anthony's objections do not address the Magistrate Judge's conclusion that his claims lack merit on their face. As the Magistrate Judge stated, Anthony's claim is that his 15-year sentence, which became effective in 2004, simply had no effect on his date for mandatory supervision release, as originally put in place by his 1991 sentence, and that he should have become eligible for release on mandatory supervision only nine months into his new 15-year sentence. The Magistrate Judge determined that this argument was erroneous because for an inmate serving two or more concurrent sentences, like Anthony, the "maximum term" for purposes of mandatory supervision release is the one which will keep him incarcerated for the longest amount of time. In this case, the 15-year sentence which he received in 2004 will keep him incarcerated longer than the 25-year sentence he received in 1991, and so the 15-year sentence represents the "maximum term" for computing mandatory supervision eligibility. *See* <u>Ex Parte Ruthart</u>, 980 S.W.2d 469, 473 (Tex.Crim.App. 1998). Anthony did not object to the Magistrate Judge's determination in this regard, which is plainly correct.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Greg Anthony is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of October, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**